## LARSH *v.* ESTEP.

Where several separate demurrers, to different paragraphs of an answer, are overruled, the action upon each demurrer need not be separately assigned for error.

*A.* and *B.* being joint owners of a saw mill in process of erection, *A.*, by contract in writing, sold his interest therein to *B.* for a price to be ascertained by appraisers selected by the parties. The mill was to be finished by the parties jointly, as though a sale had not been made, and was to be appraised "as finished," and one half of the appraisement paid when the mill was completed, &c.

*Held,* that the contract should be construed to mean that the appraisement was to be made without waiting for the completion of the mill.

APPEAL from the *Putnam* Common Pleas.

WORDEN, J.—This was an action by *Larsh*, against *Estep*. The complaint contained two paragraphs, the second of which was upon an award. A demurrer was correctly sustained to the second paragraph. The award was bad, for the reasons stated in *Estep* v. *Larsh*, at the present term, (*post*, p. 82).

The first paragraph was upon an agreement entered into between the parties, and sets out the agreement as follows:

"This agreement, made this 13th day of *December*, 1851, between *Le Roy M. Larsh* and *John W. Estep*, both of

*Wayne* county, *Indiana*, witnesseth: that the said *Larsh* has sold to said *Estep* his undivided interest in the saw mill and land purchased by said *Larsh* of *William S. T. Morton*, and in which said *Larsh* had heretofore sold said *Estep* one undivided half; and said *Estep* has agreed to pay said *Morton* the balance of the purchase money due him on said property, and has executed his notes for the same, and has received a title bond for the same from said *Morton*. And it is agreed between said parties that the saw mill is to be completed by the present parties, in the same manner as if this agreement had not been made, under the arrangement with the mill-wright. And it is agreed that the undivided half of said *Larsh*, of said saw mill, premises and privileges thereunto belonging, shall be appraised under oath as finished at its cash value on hand, by two disinterested appraisers, one to be chosen by each party, and if the two can not agree, they two are to select a third disinterested party appraiser, and the appraisement so made by such appraisers, or any two of them, shall be final between the parties; and then one undivided half of all the joint debts and demands against said *Larsh* and *Estep*, on account of said mill and improvements, after deducting credits or off-sets, shall be deducted from such appraisement, and which debts and demands said *Estep* hereby agrees to pay after deducting credits and off-sets; and then said *Estep* agrees to pay said *Larsh* such appraisement as follows, to wit: one half the amount when said saw mill shall be finished and possession exclusively given said *Estep*, deducting from the first payment the debts so to be paid for said parties, and the other half in one year from the first day of *January* next, deducting from the sum last due $281 and 77 cents, assumed to be paid to said *Morton*, by said *Estep*, on said premises. Said *Estep* is also to have in the above contract the joint personal property now belonging to said parties, including a new log wagon now being made for said parties at *Richmond*, which property (that is *Larsh's* half of the same) is included in said sale by said *Larsh* to said *Estep*, and is to be appraised with said mill and premises, and in the same manner. The rock on the premises said *Larsh* is to retain as his property, and the brick said *Estep*

is to pay *John Wilson* for, and pay said *Larsh* one dollar per thousand for hauling the same, and then they shall belong to said *Estep* as his property. It is also understood that said mill privilege, mill and lands are to be appraised by said appraisers as they now are, and subject to any back water now upon them.

(Signed,) "L. M. LARSH.<br>."J. W. ESTEP."

The complaint alleges a performance, on the part of the plaintiff, of the matters to be by him performed, and sets forth an appraisement as stipulated for, made on *December* 26, 1851; by which it appears that the appraisers appraised the mill " as finished," in accordance with the terms of the contract. The paragraph seeks to recover the amount of the appraisement, as provided for by the contract. .

To this paragraph the defendant filed an answer of twelve paragraphs, to the last six of which, the plaintiff filed separate demurrers. The demurrer was sustained to the sixth, and overruled as to the others, and the plaintiff excepted. Replications were filed, and the issues were tried by a jury, who found for the defendant, and judgment was entered on the verdict, over a motion for a new trial.

By way of assignment, it is alleged that the Court erred " in overruling the plaintiff's demurrer to the defendant's answer." It is insisted by the appellee, that this assignment is insufficient; that it should have pointed out the particular paragraphs of the answer to which the demurrer was overruled. We think the assignment should be regarded as sufficient. The demurrers were overruled as to all the paragraphs to which they were filed, except one; and as a reference to the record will readily show the rulings of the Court on the demurrers, it would be perhaps too extremely technical to hold that the assignment is a nullity. We regard the assignment as sufficient to bring in review the ruling below upon the five paragraphs to which the demurrers were overruled.

The counsel for the appellant have discussed the third and fourth paragraphs of the answer, but as we understand the record, no demurrer was filed to them, as counsel seem to suppose; therefore, we shall not notice them. To the para-

graphs demurred to, no special objection is pointed out, except the seventh, therefore the others will not be further noticed.

The seventh paragraph is as follows:

" And for a further answer, &c., the defendant says he admits he executed the agreement set out in the complaint, and that by said agreement said saw-mill was to be appraised, when finished, at its fair cash value, by two appraisers, to be chosen by the parties; and in case the two could not agree, they were to choose a third appraiser, and the appraisement of such appraisers, or a majority of them, should be the price of said mill and premises. The one half of such appraisement was the price the defendant was to pay to the plaintiff, for one half of said mill and premises. And the defendant avers that no appraisement of said saw-mill and premises, since the said saw-mill was completed, has ever been made; and, therefore, the price the defendant is to pay the plaintiff for his half of said saw-mill and premises has never been determined and settled; and the defendant says, that as soon as said saw-mill and premises are appraised, as is stipulated in said agreement, he is willing to pay said plaintiff as is stipulated and agreed upon in said agreement."

This paragraph goes to the construction of the contract. If, by the terms of the contract, the appraisement was not to be made until the mill should be completed, the answer may be good; but if, on the other hand, an immediate appraisement was contemplated, without necessarily waiting for the completion of the mill, the paragraph is clearly bad, as it does not controvert or avoid the appraisement alleged and set out in the complaint.

It seems to us to be clear enough by the terms of the contract, that the parties contemplated an appraisement before the mill should be completed. It was stipulated that the mill should be completed by the parties as if the contract had not been made, and that it should be appraised " as finished," and that payment should be made, one half when the mill should be finished, &c. The entire contract seems to import that the appraisement was to be made without waiting for the completion of the mill. It follows, that the paragraph in

question is bad, as based upon a wrong construction of the contract, and that the demurrer thereto should have been sustained.

We can not say that this ruling did not injure the plaintiff. The evidence is not in the record, and, for aught that appears, the defendant may have succeeded upon this paragraph of his answer and no other. Errors are assigned upon instructions given, but, as the evidence is not in the record, we think it unnecessary to notice them, inasmuch as the judgment will have to be reversed for the reasons above stated.

*Per Curiam.*—The judgment is reversed, at the costs of the appellee, and the cause remanded, with leave to the parties to amend their pleadings.

*John A. Matson* and *J. B. Julian*, for the appellant.

*D. McDonald* and *Chas. M. Walker*, for the appellees.